**Miranda D. Russell, OSB #202531**
**Jennifer E. Aragon, OSB #**
*(awaiting OSB number; pro hac vice application to be filed)*
WILLIAMS KASTNER PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2380
Phone: (206) 628-6600
Fax: (206) 628-6611
mrussell@williamskastner.com
jaragon@williamskastner.com
*Attorney for Defendant Country Mutual Insurance Company*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| BAMBIS CHRISTMAS TREE LAND & NURSERY LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRY MUTUAL INSURANCE COMPANY, an Illinois Corporation,<br><br>Defendant. | NO.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY**<br>Circuit Court of the State of Oregon In and For the County of Polk<br><br>**Case No. 26CV03875**<br><br>**(Clerk's Action Required)** |

Pursuant to 28 U.S.C. § 1441, Defendant Country Mutual Insurance Company ("Country" and / or "Defendant"), hereby removes the above-captioned lawsuit from the Circuit Court of the State of Oregon in and for the County of Polk, where it is currently pending, to the United States District Court for the District of Oregon, Portland Division. In support of this Notice of Removal, Country states as follows:

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

## I.  PROCEDURAL BACKGROUND

1. Plaintiff Bambis Christmas Tree Land & Nursery LLC ("Plaintiff") filed its Complaint (the "Complaint") in the Circuit Court of the State of Oregon in and for the County of Polk, on January 23, 2026.

2. Country is an Illinois corporation with its principal place of business in Bloomington, Illinois. *See* Declaration of Miranda D. Russell ("MDR Decl."), at 1-2.

3. Country was served, through Oregon Department of Consumer and Business Services ("DCBS"), with the Summons and Complaint on January 28, 2026. Country received notice of the Summons and Complaint vis-à-vis both first-class mail and certified mail, on February 2, 2026.

4. Upon information and belief, Plaintiff's principal place of business is located at 15008 Winters Hill Rd., Silverton, Oregon 97381.

5. Upon information and belief, the amount sought by Plaintiffs under the insurance policy is believed to be in excess of $75,000.

6. Therefore, this Court has jurisdiction over this action under 28 U.S.C. § 1332. As such, removal is proper because this Court has complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. § 1446(b)(1), Country is filing this Notice of Removal within 30 days after service on Country.

8. Pursuant to 28 U.S.C. § 1446(c), Country is filing this Notice of Removal prior to 1 year after commencement of this action.

9. Pursuant to 28 U.S.C. § 1446(d), Country is serving a copy of this Notice of Removal on all attorneys of record, and Notice of Filing of this Notice of Removal will be filed with the Clerk of the Circuit Court of the State of Oregon in and for the County of Polk.

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

## II.     PAPERS FROM REMOVED ACTION

10. Pursuant to 28 U.S.C. § 1446(a), attached hereto are true and correct copies of the following documents, which are on file in state court in this action:

**EXHIBIT A:**     Complaint;

**EXHIBIT B:**     Summons;

**EXHIBIT C:**     Proof of Service on DCBS and Notice of Service of Process vis-à-vis first-class mail and certified mail;

**EXHIBIT D:**     Affidavit of Mailing;

**EXHIBIT E:**     Notice of Appearance of Defendant Country Mutual Insurance Company; and

**EXHIBIT F:**     Polk County Circuit Court Docket (as of 03.02.26).

11. Country will file with the Clerk of the Court all additional records and proceedings in the state court, together with defendant Country's or Country's counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding within fourteen (14) days of filing this Notice of Removal.

## III.     NOTICE OF REMOVAL IS TIMELY

12. Plaintiffs filed their Complaint on January 23, 2026, and Country was served, through DCBS, with the Summons and Complaint on January 28, 2026. Country received notice of the Summons and Complaint vis-à-vis first-class mail and certified mail on February 2, 2026. Therefore, Country timely files this Notice of Removal prior to one (1) year after commencement of this action pursuant to 28 U.S.C. § 1446(c) ("[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 <u>more than 1 year after commencement of the action</u>, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.") [emphasis added]).

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

13.     Further, removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of Country's receipt of notice of the Summons and Complaint.

## IV.    BASIS FOR REMOVAL

### A.    There is Complete Diversity of Citizenship

14.     This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332, and therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

15.     This case is removable under 28 U.S.C. § 1441(a), which states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

16.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1), which provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—<u>citizens of different States</u>…" [emphasis added].

17.     Plaintiff's place of business is in Silverton, Oregon, in Marion County, Oregon. *See* Ex. A.

18.     Country is an Illinois corporation with its principal place of business in Bloomington, Illinois. *See* MDR Decl. at 1-2.

19.     Thus, complete diversity of citizenship exists among the Parties to this action.

### B.    The Amount in Controversy Exceeds $75,000

20.     In evaluating whether or not a party moving for removal has established that the amount in controversy more likely than not exceeds the jurisdictional requirement, courts can

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 4

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

consider the facts stated in the removal petition. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

21. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005). "If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding or discovery responses shall be treated as 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(b)(3). A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). *C.f. Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864 (S.D. W. Va. 2005) (considering the plaintiff's allegation of "severe fracture" in finding that amount in controversy "clearly" exceeded $75,000); *Bracken v. Dolgencorp, LLC*, 2018 WL 6249715, at *5 n. 47 (E.D. Pa. 2018) (citing more than a half-dozen cases wherein defendants "could have reasonably and intelligently concluded the amount in controversy exceeded $75,000" based on the nature of injuries alleged).

22. Plaintiffs' Complaint alleges economic, non-economic and applicable statutory damages as a result of breach of contract, breach of the implied covenant of good faith, and negligence / tortious insurance bad faith. Plaintiff's prayer is for a declaration that the boat's actual cash value is $105,000, pursuant to its claim for breach of contract, Plaintiff seeks $116,000.00, and under its claim for negligence, Plaintiff also seeks $116,000.00. Plaintiff also seeks unspecified attorney's fees and costs. *See* **Ex. A** at Prayer for Relief, a. – e. The amount in controversy is therefore in excess of $75,000.00. As such, this action may be removed to this

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT
COUNTRY MUTUAL INSURANCE COMPANY - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

Court pursuant 28 U.S.C. § 1441(b) because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**C.    The Statutory Requirements of Removal are Fulfilled**

23.    WHEREFORE, removal under § 1441 is appropriate when complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000, exclusive of interest and costs. Because there is complete diversity of citizenship between the Parties and because the amount in controversy exceeds $75,000, this Court has original jurisdiction based on diversity and removal is proper.

## V.    INTRADISTRICT ASSIGNMENT

24.    Pursuant to this Court's Local Rule 3-2(a), the Portland Division of the United States District Court for the District of Oregon is the appropriate intradistrict assignment. The Portland Division is appropriate because Plaintiff filed this matter in Polk County, Oregon.

## VI.    CONCLUSION

25.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and the action is between citizens of different states.

26.    A copy of this Notice of Removal is being served on all attorneys of record and filed with the Circuit Court for the State of Oregon in and for the County of Polk.

27.    WHEREFORE, having fulfilled the statutory requirements of removal, Country respectfully removes this action from the Circuit Court for the State of Oregon in and for the County of Polk to this Court. By removal, Country does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

///

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 6

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

DATED this 4th day of March, 2026.

        *s/ Miranda D. Russell*
        Miranda D. Russell, OSB #202531
        Jennifer E. Aragon, OSB #
        *(awaiting OSB number;*
        *pro hac vice application to be filed)*
        **WILLIAMS, KASTNER & GIBBS PLLC**
        601 Union Street, Suite 4000
        Seattle, WA 98101-2380
        Telephone: (206) 628-6600
        Fax: (206) 628-6611
        mrussell@williamskastner.com
        jaragon@williamskastner.com

        ***Attorneys for Defendant Country Mutual Insurance Company***

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT COUNTRY MUTUAL INSURANCE COMPANY - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1

## **CERTIFICATE OF SERVICE**

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date we caused to be served upon certain counsel of record at the address and in the manner indicated below a copy of the foregoing:

| **Attorneys for Plaintiff:**<br>Haley A. Bell, OSB #223537<br>SHERMAN SHERMAN JOHNNIE & HOYT, LLP<br>693 Chemeketa Street, NE<br>Salem, Oregon 97301<br>Telephone: (503) 364-2281<br>Fax: (503) 370-4308<br>haley@shermlaw.com | VIA<br>☐ Via Legal Messenger<br>☐ Via Facsimile<br>☐ Via United States Mail<br>☒ Via ECF/Filing<br>☒ Via Email |
|---|---|

Signed at Seattle, Washington this 4th day of March, 2026.

*s/ Carol A. Cannon*_____
Carol A. Cannon, Legal Assistant

NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT
COUNTRY MUTUAL INSURANCE COMPANY - 8

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4000
Seattle, WA 98101-2380
(206) 628-6600

4901-8301-3778.1